IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MARIANNE GERACI,<br>       *Plaintiff* | §<br>§<br>§<br>§ | |
| v. | §<br>§ | **1:20-CV-113-RP** |
| JOHN DOE, THE CINCINNATI<br>INSURANCE COMPANY, and<br>TRAVELERS INSURANCE COMPANY,<br>       *Defendants* | §<br>§<br>§<br>§<br>§ | |

## ORDER

Before the Court are Plaintiff's Motion to Redact Court Documents and Exhibits, filed September 20, 2020 (Dkt. 56); Defendant the Cincinnati Insurance Company's Response and Opposition to Plaintiff's Motion to Redact, filed September 22, 2020 (Dkt. 58); and Plaintiff's Reply, filed September 22, 2020 (Dkt. 59). On September 23, 2020, the District Court referred the motion and related filings to the undersigned for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

### I.     Background

On January 13, 2020, Plaintiff Marianne Geraci filed this personal injury lawsuit against Defendants "John Doe" and the Cincinnati Insurance Company ("CIC") in the 345th Judicial District of Travis County, Texas. *See Geraci v. John Doe*, D-1-GN-20-000192 (345th Dist. Ct., Travis County, Tex. Jan. 13, 2020). Plaintiff's Original Petition alleged that John Doe, an "unknown driver," negligently crashed into the back of Plaintiff's vehicle, causing her to suffer serious bodily injuries. Dkt. 1-1 ¶ 10. In addition to monetary damages against John Doe for her alleged physical and mental injuries, Plaintiff also sought a declaratory judgment that CIC was contractually obligated to pay her for uninsured motorist benefits under a policy issued to her

1

employer. Plaintiff later amended her Petition to add Travelers Insurance Company ("Travelers")

as a defendant. Dkt. 15-1.[1]

On January 31, 2020, CIC removed the case to federal court on the basis of diversity

jurisdiction, pursuant to 28 U.S.C. § 1441(b). Dkt. 1. Plaintiff eventually reached a full and final

settlement with Defendants CIC and Travelers. Thus, in July 2020, Plaintiff and CIC and Travelers

filed joint stipulations of dismissal with prejudice with the District Court, pursuant to Federal Rule

of Civil Procedure 41(a)(1)(A)(ii). *See* Dkts. 52-53. The District Court then ordered the Clerk to

terminate CIC and Travelers from the lawsuit. Dkts. 54-55.

On July 22, 2020, the District Court issued an Order addressing Plaintiff's pending motions to

remand and amend her complaint. After noting that Plaintiff was the only party remaining in the

case, the District Court reasoned the following:

> Geraci's claims against CIC and TIC, the only defendants who
> actually had been parties to this case (each of whom is a non-Texas
> entity) have been dismissed with prejudice. "A stipulation of
> dismissal under that rule ordinarily—and automatically—strips the
> district court of subject-matter jurisdiction" over the case. So, the
> Court cannot continue to exercise jurisdiction over this case. . . . As
> a result, while SLIC may not be a party to this case due in part to a
> clerical error, because Geraci chose to jointly stipulate to dismissal
> of her claims against the only two opposing parties actually in the
> case, the Court now no longer has jurisdiction over her motion to
> remand, her motions to amend, or any other pending motions.

Dkt. 56 at 1-2 (internal citation omitted). Accordingly, the District Court ordered that the case "is

**CLOSED**" and dismissed as moot all pending motions. *Id.* at 2.

Although this case is closed, in her Motion to Redact, Plaintiff seeks to redact from the Court

record the names of medical doctors and "specific body parts." Dkt. 57 at 1.

---

[1] Plaintiff also attempted to add Service Lloyds Insurance Company as a defendant in the case, but Service
Lloyds was never added as a party. *See* Dkt. 56 at 1-2.

## II.     Analysis

In her Motion, Plaintiff asks the Court to redact the names of her medical doctors and her "specific body parts" from the following documents: Plaintiff's Motion to Quash (Dkt. 34) and Amended Motion to Quash (Dkt. 37); CIC's Responses in Opposition to the Plaintiff's Motion to Quash (Dkt. 36) and Amended Motion to Quash (Dkt. 39); and CIC's Response in Opposition to the Plaintiff's Motion for a Protective Order (Dkt. 46). Plaintiff contends that the names of her medical doctors and the references to her body parts are "sensitive medical information that does not need to be revealed to the public." Dkt. 57 at 2.

In response, CIC argues that the Court no longer has jurisdiction to rule on the Motion because the parties voluntarily dismissed this case with prejudice and the District Court entered an Order closing the case. *See* Dkt. 56. Alternatively, CIC argues that Plaintiff waived any right to redaction of her basic medical information when she filed this personal injury lawsuit, and when she herself disclosed such information in her motions to quash.

### A.     Jurisdiction

In support of its argument that the Court no longer has jurisdiction over this lawsuit to rule on the Motion to Redact, CIC relies on the District Court's statement in its July 22, 2020 Order that "because Geraci chose to jointly stipulate to dismissal of her claims against the only two opposing parties actually in the case, the Court no longer has jurisdiction over her motion to remand, her motions to amend, or any other pending motions." Dkt. 56 at 2. As the District Court reasoned, once a plaintiff has moved to dismiss under Rule 41(a)(1)(A)(i), "the case is effectively terminated" and "the court has no power or discretion to deny plaintiffs' right to dismiss or to attach any condition or burden to that right." *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 291 (5th Cir. 2016) (cleaned up). That the court loses jurisdiction over the litigation does not,

however, deprive the district court of its inherent supervisory power. *Id.* As the United States

Supreme Court has stated: "Every court has supervisory power over its own records and files."

*Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

> The court's supervisory power does not disappear because jurisdiction over the relevant controversy has been lost. The records and files are not in limbo. So long as they remain under the aegis of the court, they are superintended by the judges who have dominion over the court.

*Gambale v. Deutsche Bank AG*, 377 F.3d 133, 141-42 (2d Cir. 2004); *see also Bradley v. Ackal*,

954 F.3d 216, 224 (5th Cir. 2020) (holding that magistrate judge had authority to vacate previous

sealing orders after the case was settled) (quoting *Gambale*, 377 F.3d at 141-42). Thus, the Court

has jurisdiction under its inherent supervisory power to unseal or seal its records even after a case

has been dismissed.

### B.      Plaintiff Waived Her Right to Privacy

Under Texas law, confidential communications between a physician and patient generally are

privileged and may not be disclosed. *In re Collins*, 286 S.W.3d 911, 916 (Tex. 2009). The

physician-patient privilege is intended to facilitate full communication between patients and their

physicians and to prevent disclosure of personal information to third parties. *See R.K. v. Ramirez*,

887 S.W.2d 836, 840 (Tex. 1994). This privilege is limited by certain exceptions, including a

"litigation exception," which applies when "any party relies on the patient's physical, mental, or

emotional condition as part of the party's claim or defense and the communication or record is

relevant to that condition." TEX. R. EVID. 509(e)(4).

Plaintiff put her medical condition at issue when she filed this personal injury suit seeking

damages for past and future medical treatment, past and future pain and suffering, past and future

mental anguish, physical disfigurement, past and future impairment, lost wages, and loss of past

and future earning capacity. The litigation exception applies, therefore, and Plaintiff has waived

her right to protect her medical records. In addition, Plaintiff disclosed her medical records when she filed her motion to quash and amended motion to quash and did not ask for those records to be sealed or redacted.

As the Fifth Circuit has pointed out:

> The public has a common law right to inspect and copy judicial records. This right promotes the trustworthiness of the judicial process, curbs judicial abuses, and provides the public with a better understanding of the judicial process, including its fairness, and serves as a check on the integrity of the system.

*Bradley*, 954 F.3d at 224 (cleaned up). In light of the public's right to access judicial records, "a court must use caution in exercising its discretion to place records under seal." *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 689 (5th Cir. 2010).[2] The filings Plaintiff seeks to redact do not contain excerpts or quotes from any medical records from her healthcare providers, only basic information regarding Plaintiff's medical condition and claims of injury in this case, as well as information such as healthcare providers and past injury claims that are matters of public record through Plaintiff's prior lawsuits. Balancing the public's right of access against Plaintiff's interest in non-disclosure, the Court finds that there is no compelling reason to redact the filings. *See Bradley*, 954 F.3d at 225.

For the foregoing reasons, Plaintiff's Motion to Redact Court Documents and Exhibits (Dkt. 56) is **DENIED**.

**SIGNED** on October 5, 2020.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

---

[2] The District Court relied on this common law right when it denied Plaintiff leave to file under seal an exhibit in support of her second motion for leave to amend her complaint. *See* Dkt. 29 at 3.